IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARK W. GARNER,                                    Civil No. 04-6329-AA
                                                   OPINION AND ORDER

        Plaintiff,

    vs.

GORDON E. PHILLIPS,

        Defendant.
_____

Claud Ingram
Attorney At Law
P.O. Box 2937
Eugene, Oregon 97402
    Attorney for plaintiff

Gordon Welborn
Erika Wilson
Hoffman, Hart & Wagner, LLP
439 SW Umatilla Avenue
Redmond, Oregon 97756
    Attorneys for defendant

AIKEN, Judge:

    Pursuant to Fed. R. Civ. P. 56, defendant moves for partial

summary judgment on plaintiff's First Claim for Relief

Page 1 - OPINION AND ORDER

(Professional Negligence).  Defendant's motion is granted.

BACKGROUND

At all material times, plaintiff was a citizen and resident
of British Columbia, Canada.  Also at that time, plaintiff's
father, David "Lloyd" Garner, was also a citizen and resident of
British Columbia, Canada.  On February 24, 2001, Lloyd Garner
died.  At the time of his death, Lloyd Garner was a joint owner
of at least one open bank account located in Oregon, as well as
one or more bonds purchased in Oregon.

On August 23, 2001, Mary-Lynn Yeager, plaintiff's sister and
daughter of Lloyd Garner, filed a Petition to probate Lloyd
Garner's will and to be appointed as the personal representative.
The Petition was filed in Deschutes County, Oregon and alleged
that venue was appropriate in Oregon because, at the time of his
death, Lloyd Garner owned property in Deschutes County.  On
September 11, 2001, the court accepted the Petition and appointed
Yeager as the personal representative.

On October 2, 2001, Mary-Lynn Yeager, as personal
representative of the Estate of Lloyd David Garner, filed a
complaint against plaintiff and his wife, Roberta Williams, in
the Circuit Court of the State of Oregon for Deschutes County.
The complaint alleged the following claims: elder abuse of
plaintiff's father, Lloyd Garner; Money Had and Received;
Conversion; and Request for an Accounting. At the time Yeager

Page 2 - OPINION AND ORDER

filed the complaint, she also filed a Motion for Temporary Restraining Order and Preliminary Injunction requesting the court restrain plaintiff and Williams from liquidating, transferring, or otherwise depleting any cash or assets located in the state of Oregon held in their names or in their control including a Bank of the Cascades Sunriver Branch Account.

In October 2001, plaintiff owned a one-half interest in real property located in Sunriver, Deschutes County, Oregon. In October 2001, plaintiff was also the owner of at least one open bank account located in Oregon, as well as the owner of one or more bonds purchased in Oregon.

On November 1, 2001, plaintiff and Williams were served with a Summons and Complaint in Vancouver, British Columbia, Canada.

Plaintiff and Williams then hired defendant Gordon Phillips to represent them in the Deschutes County lawsuit. On December 14, 2001, defendant Phillips filed an Answer on behalf of plaintiff and Williams in the Deschutes County lawsuit and continued to represent plaintiff and Williams until October 23, 2002, when defendant Phillips withdrew as their attorney. Plaintiff paid Phillips $22,000 for his services in the above case.

After a jury trial, during which plaintiff and Williams represented themselves, the jury entered a verdict against plaintiff only in the sum of $215,000 (which the court

Page 3 - OPINION AND ORDER

subsequently reduced to $200,000).  On July 24, 2003, a judgment was ultimately entered against plaintiff for the sum of $200,000 plus interest at 9% per annum from the date of entry until paid. That judgment was then amended to add additional amounts of $3,054 for court costs and $36,546.52 plus interest at the rate of 9% per annum from the date of entry until paid for attorney fees.

Plaintiff brings two claims against the defendant: professional negligence, and money had and received.  Defendant moves for summary judgment against four allegations of negligence in plaintiff's first claim for relief.

### STANDARDS

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  Substantive law on an issue determines the materiality of a fact.  T.W. Electrical Service, Inc. v. Pacific Electrical Contractors Assoc., 809 F.2d 626, 630 (9th Cir. 1987).  Whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party determines the authenticity of a dispute.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Page 4 - OPINION AND ORDER

The moving party has the burden of establishing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. Id. at 324.

Special rules of construction apply when evaluating summary judgment motions: (1) all reasonable doubts as to the existence of genuine issues of material fact should be resolved against the moving party; and (2) all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. T.W. Electrical, 809 F.2d at 630.

DISCUSSION

Plaintiff alleges that defendant was negligent in the following eight respects: failing to file a Motion to Dismiss the Deschutes County action for lack of personal jurisdiction over the plaintiff prior to filing an answer to the complaint; filing an answer and thereby submitting plaintiff to the personal jurisdiction of the Oregon court; failing to file Rule 21 Motions against the complaint and require plaintiff to allege the dates and locations of the acts alleged; failing to plead the statute of limitations as an affirmative defense; failing to take depositions and discover the dates and locations of the acts alleged; failing to file a motion for summary judgment; failing

Page 5 - OPINION AND ORDER

to file the appropriate motions to remove Mary-Lynn Yeager as
Personal Representative of the Estate of Lloyd David George
Garner; and failing to cause the probate proceedings of the
Estate at issue to be dismissed on the grounds that the Deschutes
County court did not have jurisdiction to administer his estate.

Defendant's motion for partial summary judgment specifically
moves against the following four allegations of negligence by
plaintiff: (A) failing to file a motion to dismiss for lack of
personal jurisdiction over the plaintiff prior to filing an
answer to the complaint; (B) filing an answer and thereby
submitting plaintiff to the personal jurisdiction of the Oregon
court; (D) failing to plead the statute of limitations as an
affirmative defense; and (H) failing to cause the probate
proceedings of the Estate at issue to be dismissed on the grounds
that the Deschutes County court did not have jurisdiction to
administer his Estate.  Complaint, p. 3, ¶ 8.

In cases involving legal malpractice, the standard of care
requires the lawyer "to use that care, skill and diligence which
would ordinarily be used by lawyers in the community in similar
circumstances." Arp v. Kerrigan, 287 Or. 73, 89, 597 P.2d 813
(1979).  Further, the plaintiff in a legal malpractice action has
to prove that, had it not been for the lawyer's negligence, the
plaintiff would have prevailed in the underlying case.  Shields
v. Campbell, 277 Or. 71, 79, 559 P.2d 1275 (1977).

Page 6 - OPINION AND ORDER

Plaintiff alleges in (A) and (B) of his professional negligence claim, that defendant was negligent in failing to object to the court's personal jurisdiction over plaintiff.  See Complaint, ¶ 8(A), (B).

I disagree, and based on the standard of care required by a lawyer in these circumstances, I find no basis for professional negligence based on defendant's failure to file a motion to dismiss based on lack of personal jurisdiction, or in filing an answer to the complaint thus submitting plaintiff to the personal jurisdiction of the Oregon court.  Specifically, under ORCP 4L, the exercise of jurisdiction over a nonresident defendant is consistent with due process, and thus constitutional, if the defendant has minimum contacts with the forum state and the assertion of jurisdiction would comport with notions of fair play and substantial justice.  State ex rel. Circus Circus Reno, Inc. v. Pope, 317 Or. 151, 159-60, 854 P.2d 461 (1993).  Further, courts construe pleadings and affidavits liberally to support jurisdiction.  Portland Trailer & Equipment, Inc. v. A-1 Freeman Moving & Storage, Inc., 166 Or. App. 651, 654, 5 P.3d 604 (2000).

At the time the complaint was filed against plaintiff, several of Lloyd Garner's children and ex-wife submitted affidavits in support of the motion for temporary restraining order and preliminary injunction. See Ex. 4, Declaration of Erika Wilson, Affidavits of Mary-Lynn Yeager, Richard Lloyd Garner,

Bradley George Garner, and Mary Smith, p. 3-24.  These documents establish that those individuals had personal knowledge which they provided under oath that plaintiff engaged in conduct in Oregon directed at Oregon assets of Lloyd Garner during Lloyd's lifetime.  Specifically, the affidavits allege that one or more of the bank accounts and bonds which plaintiff misappropriated from his father were bank accounts and bonds issued in Oregon. Those affidavits also charge that plaintiff used funds he misappropriated from his father to purchase a condominium in Sunriver, Oregon and deposited misappropriated money into a Bank of the Cascades account opened in Sunriver, Oregon.  The real property owned by plaintiff in Sunriver was used by plaintiff as a vacation home "approximately 6 or 7 times each year," and the open bank account in Deschutes County existed so that he would have a local account out of which he could pay the utilities and other expenses associated with his vacation property.  See Declar. of Mark Garner.  I find that these affidavits provide a sufficient basis to conclude that plaintiff had the necessary minimum contacts with Oregon adequate to subject him to personal jurisdiction in Oregon under ORCP 4A, ORCP 4C, and/or ORCP 4L.

   Further, Yeager's attorney stated in a Declaration in the underlying lawsuit that the action was filed in Oregon because Yeager believed that the acts supporting the claims occurred in Oregon and the assets which were wrongfully appropriated were in

Oregon.  See Ex. 8, Declaration of Erika Wilson, Affidavit of
Attorney, p. 1-2.

I find no dispute that at the time the underlying action was
filed, plaintiff owned real property and maintained an open bank
account in Deschutes County, Oregon.  Moreover, there is no
dispute that at the time the underlying action was filed
plaintiff had an ownership interest in various bank accounts
opened in Oregon bank branches and an ownership interest in one
or more bonds issued in Oregon.

Given plaintiff's contacts with Oregon, and the standard of
care required by a lawyer, I find that plaintiff had the
requisite minimum contacts with Oregon adequate to subject him to
personal jurisdiction in Oregon and Deschutes County.  Therefore,
there is no genuine issue of material fact that defendant's
failure to file a motion to dismiss the underlying action for
lack of personal jurisdiction did not fall below the standard of
care expected of attorneys practicing law in the community in
similar circumstances.  Summary judgment is granted for the
defendant as to this allegation of negligence by the plaintiff.

Defendant next challenges plaintiff's allegation of
negligence in defendant's failure to pled the statute of
limitations as a affirmative defense.  See Complaint, ¶ 8(D).  I
disagree and find that contrary to plaintiff's allegation,
defendant did, in fact, specially allege the following

Page 9 - OPINION AND ORDER

affirmative defense:  "Plaintiff has failed to timely bring this action.  Plaintiff's failure to bring this action in a timely fashion has prejudiced Defendants."  <u>See</u> Ex. 6 to Declaration of Erika L. Wilson, Defendants' Answer, p. 1-2.  This assertion by defendant preserved both a statute of limitations defense and a laches defense.  However, it appears that this issue was not raised at trial where plaintiff represented himself.  <u>See</u> Ex. 12, Declaration of Erika Wilson, Verdict Form, p. 1-3.  Finally, I note that plaintiff failed to oppose or address this issue in his Memo Opposing Summary Judgment.  Summary judgment is therefore granted for defendant as to this allegation of negligence by the plaintiff.

Finally, defendant moves against plaintiff's allegation of negligence that defendant failed to challenge the Deschutes County Court's jurisdiction over the administration of Lloyd Garner's estate.  <u>See</u> Complaint, ¶ 8(H).

The venue for administration of probate proceedings is set forth in Or. Rev. Stat. 113.015 as follows:

(1) The venue for a proceeding seeking the appointment of a personal representative and for a proceeding to probate a will is:

(a) In the county where the decedent had a domicile or where the decedent had a place of abode at the time of death;

(b) In any county where property of the decedent was located at the time of death or is located at the time the proceeding is commenced; or

(c) In the county in which the decedent died.

(2) Filing a proceeding in a county other than specified in subsection (1) of this section does not constitute a jurisdictional defect.

The Petition filed by Yeager in the probate proceeding alleged that venue was established in Deschutes County because at the time of Lloyd Garner's death, he owned property in Deschutes County.

Defendant asserts that venue was thus proper in Deschutes County based on the face of the Petition because Lloyd Garner owned property in Deschutes County. Based on affidavits from family members detailing plaintiff's misappropriation of Lloyd Garner's money to purchase a condominium and open a bank account in Deschutes County, those items qualified as assets of the decedent's estate situated in Oregon at the time of his death.

Moreover, I note that plaintiff failed to oppose or address this motion in his Opposition to Defendant's Motion for Partial Summary Judgment. Defendant's motion is therefore granted as to this allegation of negligence by the plaintiff.

///

///

///

///

///

///

Page 11 - OPINION AND ORDER

<u>CONCLUSION</u>

Defendant's motion for partial summary judgment (doc. 33) is granted.  Further, defendant's request for oral argument is denied as unnecessary.

IT IS SO ORDERED.

Dated this __16__ day of July 2006.


_____/s/ Ann Aiken_____
            Ann Aiken
United States District Judge

Page 12 - OPINION AND ORDER